**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

GREAT AMERICAN ALLIANCE
INSURANCE COMPANY,

     Plaintiff,

                               CIVIL ACTION
v.                              FILE NO.:

BRIAN PRESTON HENSLEY and
ULYSSES RODNEY ANDERSON,

     Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Great American Alliance Insurance Company ("Great American")
files this Complaint for Declaratory Judgment, respectfully showing this Court as
follows:

**SUMMARY OF ACTION**

1.

This Declaratory Judgment action arises out of a claim for damages
allegedly arising from a collision between Ulysses Rodney Anderson's
("Anderson's") motorcycle and a truck allegedly owned by Looper Cabinet
Company, Inc. ("Looper") and driven by Brian Preston Hensley ("Hensley").

2.

Great American seeks a declaration regarding the parties' rights and obligations, if any, under the following:  Businesspro Policy No. CAP 250-34-88-00, consisting of the Business Auto Coverage Form, for the policy period June 26, 2011 to June 26, 2012, issued to Looper Cabinet Co. Inc. (the "Auto Policy"); and Commercial Umbrella Policy No. UMB 2-50-34-89-00, for the policy period June 26, 2011 through June 26, 2012, issued to Looper Cabinet Co. Inc. (the "Umbrella Policy").

3.

Great American seeks a declaration that it is not obligated to defend or indemnify Hensley under the Auto and Umbrella Policies in connection with the lawsuit styled *Ulysses Rodney Anderson v. Looper Cabinet Co., Inc. and Brian Preston Hensley*, Superior Court of Columbia County, Georgia, Civil Action No. 2013CV0040 and the claims asserted by Anderson.

**PARTIES**

4.

Plaintiff Great American is an Ohio corporation, and its principal place of business is in Cincinnati, Ohio.

5.

Defendant Hensley resides at 6098 Russo Creek Road, Thomson, Georgia. Mr. Hensley is subject to the jurisdiction of this Court, and venue as to him is proper under 28 USC §1391 (a)(1) and (a)(2).

6.

Defendant Anderson resides at 1884 Old Petersburg Road, Lincolnton, Georgia.  Mr. Anderson is subject to the jurisdiction of this Court, and venue as to him is proper under 28 USC § 1391 (a)(1) and (a)(2).

7.

Mr. Anderson is a nominal defendant in this declaratory judgment action against whom no affirmative relief is sought, although a declaration regarding coverage will be binding on him.

8.

Great American files this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

9.

The Court has subject matter jurisdiction in this matter under 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between Great American

and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of costs.

## THE POLICIES

### 10.

Great American issued Businesspro Policy No. CAP 250-34-88-00, consisting of the Business Auto Coverage Form, for the policy period June 26, 2011 to June 26, 2012, listing Looper Cabinet Co. Inc. as the named insured. A genuine copy of the Auto Policy is attached as Exhibit 1.

### 11.

Great American issued Commercial Umbrella Policy No. UMB 2-50-34-89-00, for the policy period June 26, 2011 to June 26, 2012, listing Looper Cabinet Co. Inc. as the named insured. A genuine copy of the Umbrella Policy is attached as Exhibit 2.

### 12.

The Auto Policy and Umbrella Policy (collectively, the "Policies") were delivered to Looper at 418 Columbia Industrial Boulevard, Evans, Georgia 30809.

13.

The Auto Policy provides in part:

**SECTION II – LIABILITY COVERAGE**

**A.      Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

Auto Policy (Ex. 1), §II.

14.

The Auto Policy defines "accident" as including "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage.'"

Auto Policy (Ex. 1), §V.A.

15.

"Auto" is defined in the Auto Policy as:

1.      a land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

2.      any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment."

Auto Policy (Ex. 1), §V.B.

16.

"Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person including death resulting from any of these."  Auto Policy (Ex. 1), §V.C.

17.

The Auto Policy defines "Insured" as:

a.      You for any covered "auto."

b.      Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   (1)     The owner or anyone else from whom you hire or borrow a covered "auto."  This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

   (2)     Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

   (3)     Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

   (4)     Anyone other than your "employees," partners, (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees," while moving property to or from a covered "auto."

   (5)     A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

      c.      Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

Auto Policy (Ex.1), §II.A.1.

18.

The Auto Policy contains the following Expected or Intended Injury Exclusion:

> This Insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the "Insured."

> However, this exclusion does not apply for coverage up to the minimum limit specified by the Georgia Motor Vehicle Safety Responsibility Act.

> Auto Policy (Ex. 1), Georgia Changes Endorsement, Auto Policy §A.3.

19.

The Auto Policy excludes coverage for punitive and exemplary damages. Auto Policy (Ex. 1), Georgia Uninsured Motorists Coverage—Reduced by At-Fault Liability Limits Endorsement, §C.6.

20.

The Umbrella Policy provides in part:

**INSURING AGREEMENTS**

**I.    COVERAGE**

> We will pay on behalf of the "Insured" those sums in excess of the "retained limit" that the "Insured" becomes legally

-7-

obligated to pay as damages, by reason of liability imposed by law or assumed by the "Insured" under an "insured contract," because of:

**1.**   "bodily injury" or "property damage" that takes place; or

**2.**   "personal injury," or "advertising injury" arising from an offence committed;

during the Policy Period and caused by an "occurrence" happening anywhere . . . The amount we will pay for damages is limited as described below in Section II. **LIMITS OF INSURANCE**.

Umbrella Policy (Ex. 2), §I.A.

21.

The Umbrella Policy provides further:

**G.   Retained Limit**

Subject to the applicable Limits of Insurance stated in the Declarations and described in **A.** through **F.** above, we will be liable only for that portion of damages that is in excess of the "retained limit." The "retained limit" is the greater of:

**1.**   the total amounts stated as the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of all other insurance providing coverage to the "Insured" during the Policy Period; or

**2.**   the amount stated in the Declarations as "Self-Insured Retention," as respects any "occurrence" covered by none of the underlying policies listed in the Schedule of Underlying Insurance and by no other insurance providing coverage to the "Insured" during the Policy Period.

Once the "Self-Insured Retention" has been fully exhausted by the Insured's actual payment of damages because of "claims" and "suits," the "Self-Insured Retention" will not be reapplied or again payable by the "Insured" because of any "bodily injury," "property damage," or offense that takes place or is committed during the Policy Period.

*Id.*, §II.G.

22.

The Umbrella Policy also provides as follows:

## III.   DEFENSE

A.   We will have the right and duty to investigate any "claim" and defend any "suit" seeking damages covered by the terms and conditions of this policy when:

1.   the applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other insurance providing coverage to the "Insured" have been exhausted by actual payment of "claims" for any occurrence" to which this policy applies; or

2.   damages are sought for any "occurrence" which is covered by this Policy but not covered by none of the underlying policies listed in the Schedule of Underlying Insurance and by no other insurance providing coverage to the "Insured."

Umbrella Policy (Ex. 2), §III.A.

23.

"Insured" is defined by the Umbrella Policy, in part, as:

**7.**     Subject to **12.**, below, any of your "executive officers" or directors (if you are an organization other than a partnership, joint venture, or limited liability company) and any of your "employees," but only while acting within the scope of their duties as such.  Your stockholders (if you are an organization other than a partnership, joint venture, or limited liability company) are also "Insureds," but only with respect to their liability as your stockholders.  But no person or organization that is an "Insured" solely by virtue of this subparagraph is an "Insured" as respects any:

**a.**     "bodily injury" or "property damage" arising out of the ownership, maintenance, use, or "loading or unloading" of any "auto," aircraft or watercraft.

However, if valid "underlying insurance" affords such coverage for that person or organization, or would have afforded such coverage but for the exhaustion of underlying limits for "bodily injury" or "property damage," then, subject to all the other terms and conditions of our Policy, that person or organization is also an "Insured" under our Policy as respects **a.**   In that case, the coverage our Policy provides that person or organization for **a.** will follow the provisions, exclusions, and limitations of, and be no broader than, the coverage that "underlying insurance" provides that person or organization for **a.**

Umbrella Policy (Ex. 2), §V.J.7.

24.

The Umbrella Policy defines "bodily injury" as "physical injury, sickness, or disease, sustained by a person, including death resulting from any of those at any time.  'Bodily injury' also means mental injury, mental anguish, humiliation, or shock sustained by a person, if directly resulting from a physical injury, sickness, or disease of that person."  Umbrella Policy (Ex. 2), § V.D.

25.

The Umbrella Policy precludes coverage for:

**M.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "Insured."  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Umbrella Policy (Ex. 2), §IV.M.

26.

The Umbrella Policy includes the following "following form" provision:

**AA.     Following Form**

The following exclusions 1. through 6. do not apply to the extent that such coverage is provide by "underlying insurance" or would have been provided by "underlying insurance" but for the exhaustion of the applicable limits of the "underlying insurance" by the payment of damages for "bodily injury," "property damage," "personal injury," or "advertising injury" covered by our Policy.  However, under no circumstances will the coverage provided by our Policy for the risks described in the following exclusions 1. through 6. be any broader than the coverage provided for those risks by the "underlying insurance."

* * *

**2.     Auto**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, operation, use, or "loading or unloading" of any "auto."

Umbrella Policy (Ex. 2), §IV.AA.

## THE UNDERLYING ACTION

### 27.

On January 15, 2013, Mr. Anderson filed his Complaint for Damages against Looper and Hensley in the Superior Court of Columbia County, Georgia, Civil Action File No. 2013-CV-0040 (the "Underlying Action").  A genuine copy of Anderson's Complaint is attached as Exhibit 3.

### 28.

In the Complaint, Anderson alleges that on June 10, 2012, at approximately 5 p.m., Hensley, while allegedly driving Looper's truck while under the influence of alcohol, collided with Anderson's motorcycle (the "collision").

### 29.

Anderson alleges that, immediately following the collision, he was ejected from his motorcycle.

### 30.

Anderson alleges that his motorcycle became attached to the front grill of the truck driven by Hensley.

31.

Hensley allegedly continued driving after striking Anderson's motorcycle. Anderson alleges that Hensley failed to stop, disappeared from the scene, and fled into Columbia County, Georgia.

32.

In his Complaint, Anderson alleges that Hensley acted negligently, recklessly, and/or was negligent *per se* in connection with the collision.

33.

Anderson alleges that, as a result of the collision, he suffered "catastrophically permanent injuries to his lower right leg and ankle, and numerous other injuries to his body, including, scrapes, bruises, contusions, scars, and the like."

34.

In the Underlying Action, Anderson seeks to recover past and future medical expenses, the expense of travel for medical treatment, and damages for lost earnings, pain and suffering, loss of enjoyment and recreation, as well as punitive damages and expenses of litigation, including attorneys' fees.

35.

Anderson also seeks to recover the full market value of his motorcycle, which he contends was destroyed in the collision.

36.

Great American is currently paying for Hensley's defense in the Underlying Action subject to a complete reservation of rights.

## COUNT ONE

## DECLARATORY JUDGMENT

37.

Great American adopts and incorporates paragraphs 1 through 36 above.

38.

Great American files this Complaint for Declaratory Judgment pursuant to 28 USC § 2201 to resolve disputed questions of coverage with regard to the Auto Policy and Umbrella Policy.

39.

An actual controversy exists with regard to the parties' rights and obligations, if any, under the Auto Policy and Umbrella Policy.

40.

At the time of the collision, Hensley was not acting within the scope of his duties for or employment by Looper.

41.

At the time of the collision, Hensley did not have Looper's permission to operate the truck while or after consuming alcoholic beverages, or while under the influence of alcohol.

42.

Looper's guidelines prohibited the operation of company vehicles after consuming alcohol.

43.

Hensley was not and is not an Insured under the Auto Policy and the Umbrella Policy in connection with the collision and any resulting injuries or damages.

44.

Because Hensley was not and is not an Insured, he is not entitled to a defense, indemnity, or any other coverage under the Auto Policy and Umbrella Policy in connection with the Underlying Action or Anderson's claimed damages.

45.

The Auto and Umbrella Policies will provide no coverage for Hensley in the event of a settlement or judgment entered against him.

46.

The Auto and Umbrella Policies will not provide coverage for any punitive and exemplary damages.

47.

Further, Great American is entitled to a declaration that the Auto and Umbrella Policies will not provide coverage to the extent those policies' Expected or Intended Injury Exclusions apply.

48.

In the alternative to the relief sought above, should the Court find coverage to exist, Great American is entitled to a declaration that coverage under the Umbrella Policy is no broader than coverage provided by "underlying insurance," as the Umbrella Policy defines that term.

WHEREFORE, Great American Insurance Company respectfully requests that the Court enter declaratory judgment in Great American's favor as follows:

(1)     Declaring that Hensley is not an Insured under the Auto and Umbrella Policies and, thus, is not entitled to a defense, indemnity, or any other

coverage in connection with the Underlying Action and Anderson's claims;

(2)    Ordering that the Auto and Umbrella Policies will not provide coverage based on the Expected or Intended Injury Exclusion;

(3)    Declaring that the Auto and Umbrella Policies will not provide coverage for any punitive or exemplary damages;

(4)    In the alternative, declaring that any coverage existing under the Umbrella Policy is no broader than coverage provided by underlying insurance; and

(5)    Awarding such other and further relief as the Court may deem equitable and just.

Respectfully submitted this 5th day of May, 2014.

FIELDS, HOWELL, ATHANS & MCLAUGHLIN LLP

/s/ Matthew A. Barrett
Michael J. Athans
Georgia Bar No.: 026285
Matthew A. Barrett
Georgia Bar No.: 039703

191 Peachtree Street, NE
Suite 4600
Atlanta, Georgia 30303
(404) 214-1250 (Telephone)     *Attorneys for Plaintiff Great American*
(404) 214-1251 (Facsimile)     *Alliance Insurance Company*
mathans@fieldshowell.com
mbarrett@fieldshowell.com