IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GREAT AMERICAN ALLIANCE        *
INSURANCE COMPANY,             *
                               *
        Plaintiff,             *
                               *
        v.                     *       CV 114-112
                               *
BRIAN PRESTON HENSLEY and      *
ULYSSES RODNEY ANDERSON,       *
                               *
        Defendants.            *
```

O R D E R

This matter is before the Court on Defendant Ulysses Rodney Anderson's ("Anderson") Motion for Summary Judgment. (Doc. no. 12.) Also before the Court is Plaintiff Great American Alliance Insurance Company's ("Great American") Motion for Expedited Ruling/Hearing on its request that Anderson's summary judgment motion be denied or deferred for consideration under Federal Rule of Civil Procedure 56(d). (Doc. no. 18.) For the reasons that follow, Defendant Anderson's motion is **DENIED** with leave to renew, and Plaintiff's motion is therefore **DENIED AS MOOT**.

### I. BACKGROUND

This action arises out of a collision in which Anderson allegedly sustained "catastrophically permanent injuries" after a vehicle owned by Looper Cabinet Company, Inc. and driven by Defendant Brian Preston Hensley ("Hensley") struck Anderson's

motorcycle. (Compl., Doc. no. 1, ¶¶ 28-35.) Hensley is alleged to have been under the influence of alcohol and to have fled the scene. (Id. ¶ 31.) Anderson filed suit against Hensley and Looper Cabinet Company in the Superior Court of Columbia County, Georgia on January 15, 2013. (Id. Ex. 3 (Compl., Ulysses Rodney Anderson v. Looper Cabinet Co., No. 2013cv0040, at 10 (Columbia Cnty. Super. Ct. Jan. 15, 2013)).) In that personal injury action, he seeks to recover comprehensive damages, including past and future medical expenses, the expense of travel for medical treatment, past and future lost earnings, as well as damages for pain and suffering, diminished capacity, loss of enjoyment and recreation, and punitive damages. (Id. Ex. 3, pp. 6-9; Doc. no. 1, ¶ 34.) The relevant parties imminently are set to begin trial in the underlying action. (Doc. no. 14, p. 1.)

On May 5, 2014, however, Great American filed the instant action against Anderson seeking a declaration of the parties' rights and obligations under two insurance policies: the Businesspro Policy (No. CAP 250-34-88-00) and the Commercial Umbrella Policy (No. UMB 2-50-34-89-00) that Great American, the insurer, issued to Looper Cabinet Company, the owner of the vehicle. (Doc. no. 1, ¶ 2.) Approximately two weeks after answering the complaint and prior to the beginning of discovery, Anderson filed the instant motion for summary judgment. See Dkt.

Anderson asserts, based on evidence produced during the course of litigating the underlying personal injury action, that all issues as to coverage of Defendant Hensley are "undisputed." (Doc. no. 14, pp. 3, 9.) He further argues that Great American must be estopped from denying coverage as it has "exclusively" and "exhaustively" defended Hensley for over eighteen (18) months in the underlying action, albeit pursuant to an allegedly "illegal" reservation of rights. (Id. at pp. 3-5, 19-22.)

Great American opposed the motion, requesting in its response (Doc. no. 16) and subsequently in an independent motion (Doc. no. 18) that the Court deny or defer its consideration of Anderson's summary judgment motion at this premature stage. As Great American is not a named party in the underlying personal injury action, Great American asserts it "cannot at this time present all the material facts essential" to its opposition of Anderson's present motion without discovery. (Doc. no. 16, pp. 4-9.) Specifically, Great American seeks the opportunity to cross-examine various witnesses, including Defendant Hensley, and to serve production requests and interrogatories designed to yield information about Hensley's actions on the day of the collision and the nature of his professional relationship with Looper Cabinet Company at that time. (Id. at p. 6.)

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is

3

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Before the Court can evaluate the non-movant's response in opposition, however, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If — and only if — the movant carries its initial burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial" to avoid summary judgment. Anderson, 477 U.S. at 250.

## III. DISCUSSION

The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint. FED. R. CIV. P. 56(b). Although discovery is always permitted and permissively expansive, a summary judgment motion may be properly considered at any stage where all of the relevant facts are within the control of the parties and the record on the subject is fully developed. See WSB-TV v. Lee, 842 F.2d 1266, 1269-70 (11th Cir. 1988) (discussing the "utility and limitations" of Rule 56 procedure); FED. R. CIV. P. 26(b) ("Parties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense . . . .") (emphasis added). At the same time, with the non-movant's explicit burden in mind, this Circuit has held that "summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Florida Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson, 477 U.S. at 250 n.5); see also WSB-TV, 842 F.2d at 1269 (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record").

Defendant Anderson filed his motion for summary judgment approximately three weeks *prior* to the parties' Rule 26(f) conference. Here, Great American — though undoubtedly

5

knowledgeable about the underlying facts of this action through its provision of a defense for Defendant Hensley on liability grounds in superior court — has had *no* opportunity to develop its own case as to coverage beyond initial disclosures. The Court agrees that at the very minimum, Great American's desire to cross-examine Hensley, the sole remaining defendant in the underlying action and about whom coverage is in dispute, is patently reasonable and potentially indispensable to the issues at hand in this declaratory judgment action. Indeed, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

The Court therefore finds Defendant Anderson's motion to be premature.[1] The Court further expresses no opinion on the merits of Anderson's motion for summary judgment, and therefore, has no objection to it being re-filed without prejudice after the close of discovery.

### III. CONCLUSION

For the reasons set forth above, Defendant Anderson's Motion for Summary Judgment (Doc. no. 12) is **DENIED** and the Clerk is **DIRECTED** to **TERMINATE** the motion. Defendant Anderson shall have **30 DAYS** to renew his motion after **DECEMBER 17, 2014**,

---

[1] Defendant Anderson, moreover, failed to timely respond to Plaintiff Great American's Motion to Expedite Ruling/Hearing on the Rule 56(d) request, and in any case appears to concur with the expedited discovery schedule proposed by Great American during the parties' Rule 26(f) conference. (Doc. no. 21, p. 2.)

the closing date of the parties' **90-DAY** discovery period. Plaintiff Great American's Motion for Expedited Ruling/Hearing on its Rule 56(d) request is therefore **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7